UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HULAN T. PORTER,

          Petitioner,

v.                      CASE NO. 2:07-CV-12782
                       HONORABLE BERNARD A. FRIEDMAN
GERALD HOFBAUER,   CHIEF UNITED STATES DISTRICT JUDGE

          Respondent,
_____/

## ORDER TRANSFERRING CASE TO THE COURT OF APPEALS
## PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

### I. Introduction

Before the Court is petitioner's *pro se* habeas corpus petition filed under 28 U.S.C. § 2254. Petitioner has previously filed a petition for a writ of habeas corpus challenging his 1995 convictions out of the Detroit Recorder's Court for eight counts of first-degree criminal sexual conduct, one count of armed robbery, and one count of felony-firearm. The first petition was denied on the merits. *Porter v. Withrow,* U.S.D.C. No. 01-CV-71164-DT (E.D. Mich. May 30, 2002)(Cleland, J.). For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals.

### II. Discussion

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of

Dockets.Justia.com

1996 was enacted ("AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. These amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus. The provisions of the AEDPA apply because petitioner filed his successive habeas application after the effective date of the AEDPA. *See Norris v. Konteh*, 67 F. Supp. 2d 833, 835 (N.D. Ohio 1999).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would

have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, petitioner has previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's first habeas petition was dismissed on the merits. Petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gatekeeping provisions. *Corrao v. United States*, 152 F. 3d 188, 190-91 (2nd Cir. 1998).

### III. Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court

**ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

       \_\_\_\_\_s/Bernard A. Friedman _____
**HON. BERNARD A. FRIEDMAN**
CHIEF UNITED STATES DISTRICT JUDGE

DATED:  July 16, 2007